IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 5:24-CV-267-FL

| | |
|---|---|
| DARRELL HUBBARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GOLDSBORO POLICE DEPARTMENT, ) | |
| ALVINO DANIELS, (725), ERIC GOINS, ) | |
| Detective, BRAD E. GOODING, Officer ) | ORDER |
| (815), MICHELLE WARREN, Supervisor ) | |
| Sgt., MICHAEL SWEET, Sergeant, MIKE ) | |
| WEST, Police Chief, WAYNE COUNTY ) | |
| PROSECUTOR'S OFFICE, ANDREW T. ) | |
| TAMER, Assistant DA, MARCUS SMITH, ) | |
| ANDREW NICHOLSON, LARRY GRAY, ) | |
| JR.., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court upon plaintiff's motion for recusal of Magistrate Judge Robert B. Jones, Jr. (DE 10). The court construes plaintiff's motion as arising under 28 U.S.C. § 455, which provides that federal judges have a general duty to disqualify themselves from proceedings in which their impartiality might reasonably be questioned, such as when a judge has a personal bias or prejudice concerning a party. Belue v. Leventhal, 640 F.3d 567, 572–73 (4th Cir. 2011). However, judicial rulings alone "almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008).

Here, defendant points only to the magistrate judge's prior rulings, which he argues misapplied the law and the facts, thus demonstrating bias. (See DE 10 at 4, 6). But inferring bias in such circumstances would be contrary to Liteky, and effectively require recusal every time a court issued a decision unfavorable to a party. Instead, rulings a party believes are incorrect are "almost invariably" "grounds for appeal, not for recusal." Liteky, 510 U.S. at 555. Based on the foregoing, plaintiff's motion for recusal (DE 10) is DENIED.

SO ORDERED, this the 19th day of July, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge