IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-267-FL

| | |
|---|---|
| DARRELL HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GOLDSBORO POLICE DEPARTMENT; | ) |
| ALVINO DANIELS, (725); ERIC GOINS, | ) |
| Detective; BRAD E. GOODING, Officer | ) ORDER |
| (815); MICHELLE WARREN, Supervisor | ) |
| Sgt.; MICHAEL SWEET, Sergeant; MIKE | ) |
| WEST, Police Chief; WAYNE COUNTY | ) |
| PROSECUTOR'S OFFICE; ANDREW T. | ) |
| TAMER, Assistant D.A.; MARCUS | ) |
| SMITH; ANDREW NICHOLSON; and | ) |
| LARRY GRAY, JR. | ) |
| | ) |
| Defendants. | ) |

This matter is before the court for review of plaintiff's pro se amended complaint (DE 6) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert B. Jones, Jr. entered order granting plaintiff's motion to proceed in forma pauperis and memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that plaintiff's complaint be dismissed. Plaintiff filed objection to the M&R and moved for recusal of the magistrate judge based upon the magistrate judge's rulings, which were unfavorable to plaintiff. The court denied plaintiff's motion for recusal July 19, 2024. On August 8, 2024, plaintiff moved to amend his complaint a second time. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R and denies plaintiff's motion to amend his complaint as futile.

## BACKGROUND

Plaintiff, a victim of assault, alleges that the Goldsboro Police Department's investigation of the assault was constitutionally deficient in part because it was biased in favor of defendant Marcus Smith ("Smith"), allegedly a member of the Freemason Society. Plaintiff's motion to amend his complaint removes a civil cause of action under 18 U.S.C. § 1964 et seq. ("RICO") and seeks to add an additional cause of action under 42 U.S.C. § 1983 under a "class of one" theory pursuant to Village of Willowbrook v. Olech, 528 U.S. 562, 564-65 (2000), arguing that plaintiff was treated differently than victims of similar assaults. (See DE 12-2 at 10).

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).[1] A motion for leave to amend should be allowed "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

---

[1] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). "A proposed amendment is . . . futile if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transportation, 914 F.3d 213, 228 (4th Cir. 2019); see In re Triangle Cap. Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021) ("[D]istrict courts are free to deny leave to amend as futile if the [pleading] fails to withstand Rule 12(b)(6) scrutiny.").

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.  Analysis

1.  Objection to M&R

The magistrate judge thoroughly and cogently addressed the reasons for dismissal of the instant complaint, correctly determining that the asserted constitutional right underlying plaintiff's claims, the right to a police investigation, does not exist, the facts alleged in the complaint do not state a claim under the First Amendment, and that the complaint does not allege facts from which the court could find that any defendant was motivated by specific class-based, invidiously

3

discriminatory animus.  Plaintiff contends in his objection that magistrate judge made determinations of fact, "effectively . . . invoking a bench trial," rather than accepting the facts alleged by plaintiff as true.  (DE 9 at 9).

The United States Court of Appeals for the Fourth Circuit requires "a factual showing of participation in a joint plan of action" in order to support a conspiracy claim under 42 U.S.C. § 1985, and "merely conclusory allegations of conspiracy" are insufficient.  Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995); see also Barrett v. Board of Education of Johnston County, N.C., 13 F. Supp. 3d 502, 512 (E.D.N.C. 2014) ("A plaintiff must allege concrete facts showing that defendants entered into a conspiracy which deprived the plaintiff of [his] civil rights.").

Here, plaintiff alleges no concrete facts, but simply recites the elements of a cause of action under § 1985 and alleges conspiracy in conclusory fashion.  See, e.g., (DE 6 at 114) ("Under 42 U.S.C. §1985(3), Larry conspired to impede, hinder, obstruct, or defeat the due course of justice with the intent to deny me the equal protection of the laws, [and] conspired with Marcus and Andrew to create a false narrative about the assault."); (id. at 25) ("Andrew conspired in the fabrication and cover up of the assault.").  Thus, plaintiff failed to allege facts sufficient to state a claim under 42 U.S.C. § 1985.  The magistrate judge's analysis is without error on this score.

Plaintiff also objects to the magistrate judge's accurate assessment that a crime victim does not enjoy a constitutional right to a police investigation; however, where plaintiff bases his objection to this ruling on proposed amendments to his complaint, the court analyzes this objection in the context of plaintiff's motion to amend.

2.  Motion to Amend

Plaintiff seeks to amend his complaint to pursue his claims arising under 42 U.S.C. § 1983 under an alternative theory of liability.  A plaintiff may bring an equal protection claim by alleging

4

that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Plaintiff's amended complaint is futile, however, where it fails to identify any similarly situated individuals who were treated differently than plaintiff. Plaintiff instead states in conclusory fashion that "[t]he prosecution's actions in [his] case were inconsistent with how similarly situated individuals are treated," (DE 12-2 at 11), and that "[t]he differential treatment [he] received compared to similarly situated individuals supports a 'Class of One' claim." (Id. at 58). Thus, plaintiff's motion to amend his complaint must be denied as futile.

## CONCLUSION

The court hereby ADOPTS that part of the M&R recommending dismissal of plaintiff's claims for failure to state a claim as its own. For the reasons stated therein, plaintiff's claims are DISMISSED for failure to state a claim. Plaintiff's motion to amend the complaint (DE 12) is DENIED as futile. The clerk is DIRECTED to close this case.

SO ORDERED, this the 22nd day of August, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge